## MUTUAL SUPPLY CO. *v.* UNITED STATES

**No. 5068.**—Invoices dated Osaka, Japan, May 28, 1934, etc.
Certified May 29, 1934, etc.
Entered at San Francisco, Calif., July 17, June 23, 1934, February 16, 1935.
Entry Nos. 568, 11394, 8076.

(Decided December 11, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

1) That as to the merchandise involved herein, represented on the invoices by the *items marked "A"* and initialed by examiner K. M. J.   K. M. Johnson the
<u>(initials and name of examiner)</u>
market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus when not included in such prices, the cost of containers and coverings of whatever nature,

and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.

2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in TD 46158, was not applicable to said merchandise, based upon the decision in RD 4444 and 4570.

3) That the appeals as to all other merchandise not marked with the letter "A" as stated above and contained on the invoices is abandoned, and that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise marked A on the invoices and initialed by examiner K. M. J., such values are the invoiced unit prices, packed. As to any other merchandise involved the appeals, having been abandoned, are hereby dismissed. Judgment will be rendered accordingly.